The opinion of the Court was delivered by
Bermudez, C. J.
The motion in arrest of judgment is based on two grounds:
1. That the accused was indicted under Section 786 of the R. S., which provides a penalty only after conviction of voluntary manslaughter;
2. That tlie acciised was convicted of involuntary manslaughter, for which no punishment is provided by law.
The indictment does not, in terms, charge that the accused committed manslaughter, but that he “with force and arms,- * * * feloniously did kill and slay one Simon Kelly, contrary to the form,” etc.
This was legitimate under Section 1048, R. S., which provides : That it shall he sufficient, in any indictment formanslaughter, to charge that tlie defendant did feloniously' kill and slay the deceased.
Tlie indictment, for all legal purposes, fully charges manslaughter without qualification against the accused.
Manslaughter is an offense, against which Sec. 976, R. S., provides; “ Whoever shall be convicted of manslaughter shall be fined in a stuil not exceeding two thousand dollars, and imprisonment at hard labor, not exceeding twenty' years.”
*38 It is not defined by the Statutes of Louisiana, but is a common law felony, the definition of which prevails here.
It is defined to be: “ The unlawful killing-of another, without motive, either express or implied, which may be either voluntarily, upon sudden heat, or involuntarily, but on the commission of some unlawful act.” Blackstone, 191.
It is not correct to say that the accused, having- been indicted fo r voluntary manslaughter, and convicted for involuntary manslaughter, the verdict is not responsive to the charge in the indictment.
That charge sufficiently informed the accused to enable him to prepare his defense. Under it, he could have heen convicted of manslaughter simply, or of voluntary manslaughter expressly, which would have amounted to the same, or of involuntary manslaughter specially.
By returning a verdict in the latter form, the jury no doubt intended to affect the term of the sentence, which a finding in either of the two other forms, would have required to he of greater severity. This view is fortified by the language further used by the jury to recommend the accused strongly to the mercy of the court.
The latitude of punishment left by the statute to the Judge is indicative of the right of the jury to find as they have done in this case.
Whether the District Judge has inflicted exactly the punishment which the offense deserved, is a matter over which we have no control.
He had the legal right under the statute to sentence the accused to twenty years, and he sentenced him to five years at hard labor.
Judgment affirmed.